**James KOHLER, et al., Trustees of the McKin Site Trust Fund, Plaintiffs,**

v.

**ROBINSON & KENNEY, Defendant.**

No. Civ.A. 98–433–P–C.

United States District Court, D. Maine.

Sept. 27, 1999.

Charles A. Harvey Jr., Robert S. Frank, Harvey & Frank, Portland, ME, for plaintiffs.

Samuel Sherry, Metropolitan Legal Center, PA, Portland, ME, for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Plaintiffs James Kohler, Melinda Kemp, William T. Sheperd, and Kevin P. Gilbart, in their capacities as Trustees of the McKin Site Trust Fund ("Trust Fund"), seek to collect assessments due from Defendant Robinson & Kenney. Plaintiffs' one count Complaint (Docket No. 1) alleges that Defendant failed to comply with the terms of the McKin Site Trust Fund Agreement ("Trust Agreement") through Defendant's failure to contribute funds to the Trust Fund as they came due. Before the Court is Plaintiffs' Motion for Summary Judgment (Docket No. 7) on Count I of Plaintiffs' Complaint, wherein Plaintiffs argue that no dispute exists as to material facts that could show that Defendant failed to make timely payments as they came due. For the reasons set forth below, the Court will deny Plaintiffs' Motion for Summary Judgment.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). Once the moving party has come forward identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" which "it believes demonstrate the absence of a genuine issue of material fact," the adverse party may avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265 (1986).

The trial court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court will not, however, pay heed to "conclusory allegations, improbable inferences [or] unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). Because Plaintiffs have moved for summary judgment, where the facts are in dispute, the Court considers them in the light most favorable to Defendant.

## II. BACKGROUND

The following summary of facts is based on the factual allegations of the parties supported by appropriate citations to the record. In 1988, the United States of America, and other plaintiffs, brought a

civil action entitled *United States of America, et al. v. Richard Dingwell, et al.,* Docket No. 88–0101B, against Richard Dingwell, and others, for alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C.A. § 9601 *et seq.,* as well as other state and federal laws. Plaintiffs' Statement of Material Facts ¶ 1; Defendant's Statement of Material Facts ¶ 1. In that action, the plaintiffs sought reimbursement for expenditures made with regard to remedial action taken at the McKin Site in Gray, Maine. Plaintiffs' Complaint ¶ 4. The plaintiffs also sought continued funding for studies to be conducted at the site. *Id.*

On November 21, 1988, the Court entered a Consent Decree in the aforementioned action. Plaintiffs' Statement of Material Facts ¶ 3; Defendant's Statement of Material Facts ¶ 3. Pursuant to that decree, Defendant was a "potentially responsible party" ("PRP") for the McKin Site liabilities. Defendant's Statement of Material Facts ¶ 2. The Consent Decree authorized the creation of a trust fund for the administration of the PRP's obligations with regard to the remediation of the site. Plaintiffs' Statement of Material Facts ¶ 2; Defendant's Statement of Material Facts ¶ 2. Consequently, the Trust Agreement was drafted, and the Trust Fund was established. Plaintiffs' Statement of Material Facts ¶ 3. Pursuant to the Trust Agreement, the trustees of the Trust Fund were required to ensure that the trust had sufficient assets to complete the work at the site. Plaintiffs' Statement of Material Facts, Exhibit B, Appendix B. The Trust Agreement also authorized the trustees to make additional demands for contributions to the Trust Fund as they became necessary. *Id.*

Thereafter, Plaintiffs assessed Defendant four contributions to be paid to the Trust Fund. Plaintiffs' Statement of Material Facts, Exhibit C. Defendant, or more specifically Defendant's insurer, made two of the four requested payments to the Trust Fund, but Defendant failed to contribute the final two demanded assessments.[1] Defendant's Statement of Material Facts ¶ 4; Affidavit of Alfred C. Frawley, III ¶ 6 ("Frawley Affidavit"). As a result, this action ensued.

### III. DISCUSSION

Plaintiffs' argument in support of the Motion for Summary Judgment is, essentially, as follows. Defendant, as a PRP governed and bound by the Consent Decree, is obligated to make contributions to the Trust Fund as those contributions are periodically assessed. Defendant received written demand for contribution to the Trust Fund, but Defendant refused to make the required payments. Thus, Plaintiffs argue, under the terms of the Consent Decree, they are entitled to summary judgment. However, Plaintiffs' argument is flawed for the following reasons.

Here, when all of the evidence is viewed in a light most favorable to Defendant as the nonmoving party, genuine issues of material fact exist as to whether the Consent Decree, or the Trust Agreement, creates an obligation on Defendant's part to contribute to the Trust Fund. Specifically, paragraph seven of the Consent Decree provides: "Within ten (10) days after the entry of this Consent Decree, [Defendant] shall present to the [p]laintiffs a signed Trust Agreement establishing the McKin Site Trust Fund.... The *Trust Agreement* shall be construed to confer upon the Trustee(s) all powers and authorities necessary to fulfill the obligations of this Consent Decree." Plaintiffs' Statement of Material Facts, Exhibit B (emphasis added). Indeed, somewhat inconsistent with Plaintiffs' summary judgment argument are the allegations of Plaintiffs' Complaint. Specifically, Plaintiffs' Complaint seeks pay-

---

1. Defendant's insurer has disclaimed further coverage responsibility in this matter. Affidavit of Alfred C. Frawley, III ¶ 5.

ment for breach of the Trust Agreement, not breach of the Consent Decree; while Plaintiffs' Motion for Summary Judgment seeks payment for breach of the Consent Decree, not breach of the Trust Agreement.[2] *See* Plaintiffs' Complaint ¶¶ 6, 7.

Moreover, paragraph seven of the Consent Decree contains a signature requirement that must be complied with before the Trust Agreement can establish the Trust Fund. Plaintiffs' Statement of Material Facts, Exhibit B. Plaintiffs, however, have failed to present any evidence that Defendant, or Plaintiffs for that matter, ever signed the Trust Agreement.

Similarly, paragraph eight of the Consent Decree contains further requirements with regard to the Trust Agreement. Particularly, paragraph eight requires that all PRPs "execute an authorization form consenting to the terms of the McKin Site Trust Fund Agreement" within thirty days after the entry of the Consent Decree. Plaintiffs' Statement of Material Facts, Exhibit B.[3] But again, Plaintiffs have failed to produce any evidence that Defendant ever executed such an authorization form.

Additionally, Plaintiffs' evidence that Defendant signed the Consent Decree, see Plaintiffs' Statement of Material Facts, Exhibit A, is insufficient to satisfy Plaintiffs' burden for summary judgment. It is well-established that summary judgment is appropriate only in those instances where the record demonstrates that there is no genuine issue as to any material fact. *See* Fed.R.Civ.P. 56(c); *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir.1997). Even assuming *arguendo* that Defendant did sign the Consent Decree, in light of the foregoing, genuine issues of material fact remain as to whether Defendant's assent to the Consent Decree, by itself, obligated Defendant to make contributions to the Trust Fund.[4]

Finally, the affidavit of Elizabeth Swain, offered in support of Plaintiffs' Motion for Summary Judgment, refers to the Consent Decree, which is Exhibit B in support of Plaintiffs' motion. Affidavit of Elizabeth Swain ¶ 4. Federal Rule of Civil Procedure 56(e) requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." However, Exhibit B neither is a certified copy of the Consent Decree nor does Swain swear to the Consent Decree's authenticity. Thus, even if Plaintiffs' argument in support of summary judgment were correct, and the Consent Decree did obligate Defendant for payments to the Trust Fund, the Consent Decree is not properly presented as evidence in support of Plaintiffs' motion. Therefore, the Consent Decree, in the form presented to the Court, cannot form

2. Plaintiffs' Complaint alleges: "Under the McKin Site Trust Fund Agreement authorized by the consent decree ... [Plaintiffs] are authorized to make demand for additional contributions to the Trust." Plaintiffs' Complaint ¶ 6. The Complaint further alleges: "The settlors [of which the Defendant is one] of the Trust agreed by their execution of the trust agreement to satisfy all such future calls for contribution to the trust fund.... Failure to comply with the demand ... of the trust agreement, constitutes a breach of the agreement enforceable by the [Plaintiffs]." *Id.* ¶ 7.

3. The Court notes its concern that paragraphs seven and eight of the Consent Decree contain potential ambiguities in their language which may result in the creation of genuine issues of material fact as to their proper construction. "Contract language is ambiguous if the terms are inconsistent on their face, or if the terms allow reasonable but differing interpretations of their meanings." *Rodriguez–Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 586 (1st Cir.1993) (citations omitted).

4. Also, Plaintiffs' claim that Defendant must have executed the Trust Agreement authorization form because Defendant's insurer made two payments to the Trust Fund on Defendant's behalf is insufficient to demonstrate conclusively the lack of any genuine issue of material fact that Defendant is bound by the Trust Agreement. Plaintiffs' Statement of Material Facts ¶ 4; Defendant's Statement of Material Facts ¶ 4; Frawley Affidavit ¶ 6. Plaintiffs fail to support the foregoing contention with any legal authority and, as such, the claim lends little support to Plaintiffs' motion.

the basis for granting summary judgment.[5]

In sum, there is nothing in the record properly before the Court to indicate that Defendant ever signed the Trust Agreement which established the Trust Fund. Nor is there anything in the record to indicate that Defendant ever executed an authorization form consenting to the terms of the Trust Agreement. Indeed, Plaintiffs admit as much in their Statement of Material Facts: "the trust fund agreement authorization form executed by [Defendant] cannot presently be located.... ." *See* Plaintiffs' Statement of Material Facts ¶ 4. Therefore, until the foregoing is established, there is no basis under paragraphs seven and eight of the Consent Decree to grant Plaintiffs' Motion for Summary Judgment.

### IV. CONCLUSION

Accordingly, the Court concludes that there are genuine issues of material fact, *inter alia,* as to whether Defendant signed the Trust Agreement, and also whether Defendant executed the appropriate authorization form consenting to the terms of the Trust Agreement. Hence, the Court **ORDERS** that Plaintiffs' Motion for Summary Judgment on Count I of Plaintiffs' Complaint be, and it hereby is, **DENIED.**

---

**5.** Attached to the Consent Decree as Appendix B is the Trust Agreement. The Trust Agreement, as with the Consent Decree, is neither sworn to nor a certified copy. Therefore, the Trust Agreement suffers from the same defect as the Consent Decree and is not properly presented to this Court.